954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jack G. PIERSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5007.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1991.
 
 Cl.Ct.
 REMANDED.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss Jack G. Pierson's appeal as being untimely filed or, in the alternative, moves for summary affirmance of the United States Claims Court's decision. Pierson has not filed a response.
 
 
 2
 On July 11, 1991, the Claims Court dismissed Pierson's complaint "for failure to state a claim within the jurisdiction of this court." Pierson filed his notice of appeal on October 3, 1991 stating:
 
 
 3
 This appeal is timely even though past the 60 days specified from the date of Judgement of July 11, 1991. The petitioners in the matter had notified the Clerk of Court for the United States Claims Court the whereabouts of Jack G. Pierson acting in pro-se. This notification was made on July 21, 91 retroactive to July 12th, 1991. But the court flagrently failed to notify the petitioners. The petitioners did not become aware of the courts action of dismissal until September 10th, 91; please refer to inclusions 1 and 2.
 
 
 4
 Page one of Pierson's inclusion 1 is apparently a copy of the Claims Court's envelope containing the July 11 decision mailed to Pierson's Nebraska residence. Inclusion 2 is a copy of a July 21, 1991 letter from Pierson to nine government officials, including the Clerk of the Claims Court, informing them that he would be at a temporary address in Minnesota from July 7 through August 20.
 
 
 5
 It is well settled that the filing of a timely notice of appeal is "mandatory and jurisdictional." Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988). Pursuant to Fed.R.App.P. 4(a)(1), Pierson's notice of appeal should have been filed before September 9, 1991. However, Fed.R.App.P. 4(a)(5) provides that a trial court may extend the time for filing a notice of appeal if a motion for leave is filed within 30 days after the expiration of the appeal period. Here, the paragraph cited supra in Pierson's notice of appeal could be construed as a motion to extend the time for filing his notice of appeal. Accordingly, the proper course is a remand to the Claims Court for a ruling on Pierson's motion for an extension.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States' motion to dismiss is denied.
 
 
 8
 (2) The case is remanded to the Claims Court for a ruling on Pierson's motion for an extension of time to file his notice of appeal.
 
 
 9
 (3) The United States' motion for summary affirmance is moot.